UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

TAVION T.,

             Plaintiff,

    -v-

COMMISSIONER OF SOCIAL SECURITY,

             Defendant.

20-CV-00514-MJR
DECISION AND ORDER

Pursuant to 28 U.S.C. §636(c), the parties consented to have a United States Magistrate Judge conduct all proceedings in this case. (Dkt. No. 12)

Plaintiff Tavion T.[1] ("Plaintiff") brings this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) seeking judicial review of the final decision of the Commissioner of Social Security ("Commissioner" or "defendant") denying his application for child insurance benefits based on disability and Supplemental Security Income ("SSI") pursuant to the Social Security Act (the "Act"). Both parties have moved for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. For the following reasons, Plaintiff's motion (Dkt. No. 9) is granted, defendant's motion (Dkt. No. 10) is denied, and the case is remanded for further administrative proceedings.

---

[1] In accordance with the District's November 18, 2020, Standing Order, plaintiff is identified by first name and last initial.

## BACKGROUND[2]

Plaintiff filed protectively for SSI on January 12, 2017, alleging a disability onset date of October 31, 2016.  (Administrative Transcript ["Tr."] 143-48).  On January 30, 2017, Plaintiff filed for child disability benefits with the same onset date.  (Tr. 149-55). The applications were initially denied on April 4, 2017.  (Tr. 63-92).  Plaintiff timely filed a request for an administrative hearing.  (Tr. 95-97).  On January 10, 2019, Administrative Law Judge ("ALJ") Eric Eklund held a video hearing from Lawrence, Massachusetts.  (Tr. 28-62).  Plaintiff appeared in Jamestown, New York with his attorney.  A vocational expert also testified.  The ALJ issued an unfavorable decision on March 8, 2019.  (Tr. 12-27). On February 28, 2020, the Appeals Council denied Plaintiff's request for review.  This action followed.

## DISCUSSION

I.    *Scope of Judicial Review*

The Court's review of the Commissioner's decision is deferential.  Under the Act, the Commissioner's factual determinations "shall be conclusive" so long as they are "supported by substantial evidence," 42 U.S.C. §405(g), that is, supported by "such relevant evidence as a reasonable mind might accept as adequate to support [the] conclusion," *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal quotation marks and citation omitted).  "The substantial evidence test applies not only to findings on basic evidentiary facts, but also to inferences and conclusions drawn from the facts."  *Smith v.*

---

[2] The Court presumes the parties' familiarity with Plaintiff's medical history, which is summarized in the moving papers.

*Colvin*, 17 F. Supp. 3d 260, 264 (W.D.N.Y. 2014). "Where the Commissioner's decision rests on adequate findings supported by evidence having rational probative force," the Court may "not substitute [its] judgment for that of the Commissioner." *Veino v. Barnhart*, 312 F.3d 578, 586 (2d Cir. 2002). Thus, the Court's task is to ask "'whether the record, read as a whole, yields such evidence as would allow a reasonable mind to accept the conclusions reached' by the Commissioner." *Silvers v. Colvin*, 67 F. Supp. 3d 570, 574 (W.D.N.Y. 2014) (quoting *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982)).

Two related rules follow from the Act's standard of review. The first is that "[i]t is the function of the [Commissioner], not [the Court], to resolve evidentiary conflicts and to appraise the credibility of witnesses, including the claimant." *Carroll v. Sec'y of Health & Human Servs.*, 705 F.2d 638, 642 (2d Cir. 1983). The second rule is that "[g]enuine conflicts in the medical evidence are for the Commissioner to resolve." *Veino*, 312 F.3d at 588. While the applicable standard of review is deferential, this does not mean that the Commissioner's decision is presumptively correct. The Commissioner's decision is, as described above, subject to remand or reversal if the factual conclusions on which it is based are not supported by substantial evidence. Further, the Commissioner's factual conclusions must be applied to the correct legal standard. *Kohler v. Astrue*, 546 F.3d 260, 265 (2d Cir. 2008). Failure to apply the correct legal standard is reversible error. *Id.*

II.    *Standards for Determining "Disability" Under the Act*

A "disability" is an inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve (12) months." 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A). The

Commissioner may find the claimant disabled "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work." *Id.* §§423(d)(2)(A), 1382c(a)(3)(B). The Commissioner must make these determinations based on "objective medical facts, diagnoses or medical opinions based on these facts, subjective evidence of pain or disability, and . . . [the claimant's] educational background, age, and work experience." *Dumas v. Schweiker*, 712 F.2d 1545, 1550 (2d Cir. 1983) (first alteration in original) (quoting *Miles v. Harris*, 645 F.2d 122, 124 (2d Cir. 1981)).

To guide the assessment of whether a claimant is disabled, the Commissioner has promulgated a "five-step sequential evaluation process." 20 C.F.R. §§404.1520(a)(4), 416.920(a)(4). First, the Commissioner determines whether the claimant is "working" and whether that work "is substantial gainful activity." *Id.* §§404.1520(b), 416.920(b). If the claimant is engaged in substantial gainful activity, the claimant is "not disabled regardless of [his or her] medical condition or . . . age, education, and work experience." *Id.* §§404.1520(b), 416.920(b). Second, if the claimant is not engaged in substantial gainful activity, the Commissioner asks whether the claimant has a "severe impairment." *Id.* §§404.1520(c), 416.920(c). To make this determination, the Commissioner asks whether the claimant has "any impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities." *Id.* §§404.1520(c), 416.920(c). As with the first step, if the claimant does not have a severe impairment, he

or she is not disabled regardless of any other factors or considerations. *Id.* §§404.1520(c), 416.920(c). Third, if the claimant does have a severe impairment, the Commissioner asks two additional questions: first, whether that severe impairment meets the Act's duration requirement, and second, whether the severe impairment is either listed in Appendix 1 of the Commissioner's regulations or is "equal to" an impairment listed in Appendix 1. *Id.* §§404.1520(d), 416.920(d). If the claimant satisfies both requirements of step three, the Commissioner will find that he or she is disabled without regard to his or her age, education, and work experience. *Id.* §§404.1520(d), 416.920(d).

If the claimant does not have the severe impairment required by step three, the Commissioner's analysis proceeds to steps four and five. Before doing so, the Commissioner must "assess and make a finding about [the claimant's] residual functional capacity ["RFC"] based on all the relevant medical and other evidence" in the record. *Id.* §§404.1520(e), 416.920(e). RFC "is the most [the claimant] can still do despite [his or her] limitations." *Id.* §§404.1545(a)(1), 416.945(a)(1). The Commissioner's assessment of the claimant's RFC is then applied at steps four and five. At step four, the Commissioner "compare[s] [the] residual functional capacity assessment . . . with the physical and mental demands of [the claimant's] past relevant work." *Id.* §§404.1520(f), 416.920(f). If, based on that comparison, the claimant is able to perform his or her past relevant work, the Commissioner will find that the claimant is not disabled within the meaning of the Act. *Id.* §§404.1520(f), 416.920(f). Finally, if the claimant cannot perform his or her past relevant work or does not have any past relevant work, then at the fifth step the Commissioner considers whether, based on the claimant's RFC, age, education, and work experience, the claimant "can make an adjustment to other work." *Id.*

§§404.1520(g)(1), 416.920(g)(1). If the claimant can adjust to other work, he or she is not disabled. *Id.* §§404.1520(g)(1), 416.920(g)(1). If, however, the claimant cannot adjust to other work, he or she is disabled within the meaning of the Act. *Id.* §§404.1520(g)(1), 416.920(g)(1).

The burden through steps one through four described above rests on the claimant. If the claimant carries his burden through the first four steps, "the burden then shifts to the [Commissioner] to show there is other gainful work in the national economy which the claimant could perform." *Carroll*, 705 F.2d at 642.

III.   *The ALJ's Decision*

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since October 31, 2016, the alleged onset date. (Tr. 18). At step two, the ALJ found that Plaintiff had the following severe impairments: personality disorder; bipolar/depression; PTSD; and learning disorder in math and reading. *Id.* At step three, the ALJ concluded that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 18-19). Prior to proceeding to step four, the ALJ determined that Plaintiff retained the following RFC:

> A full range of work at all exertional levels but with the following nonexertional limitations: the claimant is limited to simple, unskilled work in a low stress job with only occasional decision making and only occasional changes in the work setting. He should have no contact with the public that is not superficial in nature, and only occasional interaction with coworkers. He can have occasional supervision.

(Tr. 19-21).

At step four, the ALJ found that Plaintiff has no past relevant work. (Tr. 22)

At step five, the ALJ found Plaintiff capable of performing jobs that exist in significant numbers in the national economy.   (Tr. 22-23).   Accordingly, the ALJ determined that Plaintiff has not been under a disability from October 31, 2016, through the date of the decision.  (Tr. 23).

IV.    *Plaintiff's Challenge*

Plaintiff argues that the ALJ erred by formulating Plaintiff's mental RFC based on his own lay interpretation of raw medical data, and without tethering the RFC to any medical opinion evidence.  The Court agrees.

An ALJ is not qualified to assess a claimant's RFC solely on the basis of bare medical findings.  Generally, an ALJ's determination of RFC without medical opinion authority is not supported by substantial evidence.  *Zayas v. Colvin,* 15-cv-6312-FPG, 2016 WL 1761959, at *4 (W.D.N.Y. May 2, 2016).  Only in rare circumstances, where the medical evidence shows relatively minor physical impairment, can an ALJ permissibly render a common-sense judgment about functional capacity even without a physician's assessment.  *Gross v. Astrue,* 12-cv-6207-MWP, 2014 WL 1806779, at *18 (W.D.N.Y. May 7, 2014) (internal quotations and citations omitted); *see also Kain v. Colvin,* 14-CV-650-WMS, 2017 WL 2059806, at *3 (W.D.N.Y. May 14, 2017) (when the record contains medical findings merely diagnosing the claimant's impairments without relating that diagnosis to functional capabilities, the general rule is that the Commissioner may not make the connection himself.) (citations omitted).  In the absence of supporting expert medical opinion evidence, the ALJ should not engage in his own evaluation of the medical findings. *Balsamo v. Chater,* 142 F.3d 75, 81 (2d Cir. 1998).  Although an ALJ has considerable and constant exposure to medical evidence, he is not free to make

inferences or diagnoses which are not advanced in the medical record. *Glover v. Astrue,* 08-cv-218-MAT, 2010 WL 1035440, at *4 (W.D.N.Y. Mar. 18, 2010) (*citing Curry v. Apfel,* 209 F.3d 117, 123 (2nd Cir. 2000)); *Fioretti v. Saul,* No. 19-CV-248-MJR, 2020 WL 3046097, at *3–4 (W.D.N.Y. June 8, 2020).   It is error for an ALJ to base his RFC assessment solely upon his interpretation of raw medical data without an expert's medical opinion.   *See Dennis v. Colvin,* 195 F. Supp. 3d 469, 474 (W.D.N.Y. 2016); *see also Golden v. Saul,* No. 6:18-CV-06803-MJR, 2020 WL 3248821, at *4 (W.D.N.Y. June 16, 2020).

Unlike exertional limitations, an ALJ cannot make "common sense" judgments about mental health impairments. *Kiggins v. Comm'r of Soc. Sec.,* No. 17-CV-6642-JWF, 2019 WL 1384590, at *5 (W.D.N.Y. Mar. 27, 2019).   "[T]he leeway given to ALJs to make 'common sense judgments' does not necessarily extend to the assessment of mental limitations, which are by their very nature 'highly complex and individualized.'" *Deshotel v. Berryhill,* 313 F. Supp. 3d 432, 435 (W.D.N.Y. 2018) (*quoting Nasci v. Colvin,* 2017 WL 902135 at *9 (N.D.N.Y. 2017) ("The Social Security Rulings underscore the highly complex and individualized nature of mental impairments, which may impact both exertional and nonexertional work functions.")).

Here, the record contained no medical opinion evidence regarding Plaintiff's functional limitations caused by his mental impairments, which the ALJ found to be severe.   The only "opinions" of record were a non-examining consultant's opinion that the record contained insufficient evidence to form an opinion and a psycho-educational evaluation that stated that Plaintiff required special education services.   (Tr. 21, 66-67, 219-22).   These "opinions" included no functional limitations assessments regarding

Plaintiff's mental impairments. (Tr. 166-178, 219-408). It is unclear how the ALJ actually reached Plaintiff's mental RFC, as he engaged in no discussion or analysis that permits any meaningful review, and his conclusions were not supported by substantial evidence. This was error warranting remand.

An ALJ must conduct an analysis that permits adequate review on appeal, and the ALJ's conclusions must be supported by relevant medical evidence. *Winn v. Colvin*, 541 F. App'x. 67, 70 (2d Cir. 2013); *see Thomas v. Berryhill*, 337 F. Supp. 3d 235, 244 (W.D.N.Y. 2018) (*citing Sewar v. Berryhill*, 2018 WL 3569934, *2 (W.D.N.Y. July 25, 2018) ('What is required is that the ALJ explain the bases for his findings with sufficient specificity to permit meaningful review.')). Meaningful review is frustrated where the ALJ fails to provide sufficient analysis to permit this Court to glean the rational supporting his RFC determination. *Runfola v. Comm'r of Soc. Sec.*, No. 1:19-CV-0868 (WBC), 2020 WL 6566303, at *4 (W.D.N.Y. Nov. 9, 2020).

Because of the above issues, especially with regards to the lack of medical opinion evidence regarding functional limitations caused by Plaintiff's mental impairments, there exists a gap in the record. The ALJ had an affirmative duty to address this gap, and to develop the record. "Where there are deficiencies in the record, an ALJ is under an affirmative obligation to develop a claimant's medical history 'even when the claimant is represented by counsel.'" *Arnold v. Comm'r of Soc. Sec.*, No. 17-CV-987S, 2019 WL 2521179, at *8 (W.D.N.Y. June 19, 2019); *Rosa v. Callahan,* 168 F.3d 72, 79 (2d Cir. 1999) (*quoting Perez v. Chater,* 77 F.3d 41, 47 (2d Cir. 1996)). To do this, an ALJ is authorized to recontact a treating physician or hospital, or to order a consultative examination from an SSA examiner or a medical expert. *See Covey v. Colvin*, 204 F.

Supp. 3d 497, 507 (W.D.N.Y. 2016) (To fill a gap in the record, the ALJ "could have requested addition information from the treating physician [...]; he could have obtained an SSA consultative examination; and/or he could have requested an opinion from a medical expert.").

In sum, the ALJ's determination of Plaintiff's mental RFC is not supported by substantial evidence and therefore remand is required.

## CONCLUSION

For the above reasons, Plaintiff's motion for judgment on the pleadings (Dkt. No. 9) is granted, defendant's motion for judgment on the pleadings (Dkt. No. 10) is denied, and the case is remanded for further administrative proceedings.

The Clerk of Court shall take all steps necessary to close this case.

**SO ORDERED.**

Dated:       April 19, 2021
             Buffalo, New York

MICHAEL J. ROEMER
United States Magistrate Judge